# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | 1:21-cr-00948-LY-13 | |
| § | | |
| (13) AMY ROGERS § | | |
| *Defendant* § | | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on July 15, 2021, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, dated June 25, 2021 (the "Petition") (Dkt. 481), and the Pretrial Services Office's Amended Petition for Action on Conditions of Release, dated July 14, 2021 (the "Amended Petition") (Dkt. 494). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

Defendant Amy Rogers was ordered released on conditions on April 8, 2021. The Petition alleges that Defendant submitted urine specimens that tested positive for amphetamine on April 15, 2021, and June 14, 2021, in violation of Condition of Release 7(m), providing that Defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. The Petition also states that Defendant was asked to leave an inpatient substance abuse treatment program on May 27, 2021 and referred to an intensive outpatient treatment program, which she was asked to leave after approximately one week.

The Amended Petition alleges that Defendant was arrested on July 1, 2021, in the driver's seat of a U-Haul truck in which DEA agents found bags containing approximately 20 grams of methamphetamine, 3 grams of DMT, 1.5 grams of ecstasy, and a urinalysis-defeating device.

1

The Government offered testimony that the bags containing the drugs were located on the driver's side of the truck. Also at the scene were a second, unidentified female and a felon allegedly in possession of a firearm, who was identified as Defendant's boyfriend.

At the hearing, Defendant pled "True" to the violations alleged in the Petition and "Not True" to the violations alleged in the Amended Petition.

The Court has considered the original Pretrial Services Report, the Petition, the Amended Petition, and the evidence and arguments of counsel for Defendant and for the government at the revocation hearing. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is clear and convincing evidence that Defendant violated Condition of Release 7(m) that she must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Dkt. 112 at 2.

The Court further finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Defendant is unlikely to abide by any condition or combination of conditions of release. This finding is based on the admitted facts that Defendant submitted two urine specimens that tested positive for amphetamine and was asked to leave two substance abuse treatment programs in rapid succession in less than three months on pretrial release. This finding is further based on the strength of the evidence that Defendant was arrested in the presence of a felon in possession of a firearm, an unlawful urinalysis-defeating device, and a significant quantity of controlled substances, even though she denies that the drugs were in her possession.

It is therefore **ORDERED** that Defendant's previous release on conditions is **REVOKED** and she is **HEREBY DETAINED** pending further proceedings in this case.

### Directions Regarding Detention

Defendant is remanded to the custody of the Attorney General or his designated representative and confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED** July 15, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE