UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| vs. | § | 1:21-cr-00048-LY-13 |
| | § | |
| **Amy Rogers (13)** | § | |

**O R D E R**

Before the Court are Defendant's Motion for Release Pending Sentencing, filed under seal on November 29, 2021 (Dkt. 701), and the Government's Response, filed December 6, 2021 (Dkt. 723). The District Court referred Defendant's Motion to the undersigned Magistrate Judge. Dkt. 713.

## I.   Background

On March 2, 2021, Defendant was indicted on a charge of Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance, Methamphetamine, in violation of 21 U.S.C. § 846. Defendant was arrested on April 8, 2021, and released the same day pursuant to the Court's Order Setting Conditions of Release. Dkt. 112.

On June 25, 2021, the United States Pretrial Services Office ("Pretrial Services") submitted a Petition for Action on Conditions of Pretrial Release (the "Petition"). Dkt. 481. The Petition alleged that Defendant submitted urine specimens that tested positive for amphetamine on April 15, 2021, and June 14, 2021, in violation of Condition of Release 7(m), providing that Defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. *Id.* at 1. The Petition also stated that Defendant was asked to leave an inpatient substance abuse treatment

1

program on May 27, 2021 and referred to an intensive outpatient treatment program, which she was asked to leave after approximately one week. *Id.*

Pretrial Services submitted an Amended Petition of for Action on Conditions of Pretrial Release (the "Amended Petition") on July 14, 2021. Dkt. 494. The Amended Petition alleged that Defendant was arrested on July 1, 2021, in the driver's seat of a U-Haul truck in which DEA agents found bags containing approximately 20 grams of methamphetamine, 3 grams of DMT, 1.5 grams of ecstasy, and a urinalysis-defeating device. *Id.* at 1.

The undersigned Magistrate Judge held a hearing on the Petition and the Amended Petition on July 15, 2021. At the hearing, Defendant pled "True" to the violations alleged in the Petition and "Not True" to the violations alleged in the Amended Petition. The Government offered testimony that a felon allegedly in possession of a firearm, identified as Defendant's boyfriend, also was at the scene of Defendant's arrest on July 1, 2021.

After considering the original Pretrial Services Report, the Petition, the Amended Petition, and the evidence and arguments of counsel for Defendant and for the government at the revocation hearing, the Court ordered Defendant's pretrial release revoked. Dkt. 498. The Court found, in part, that Defendant was unlikely to abide by any condition or combination of conditions of release. Dkt. 498 at 2. This finding was based on the admitted facts that Defendant submitted two urine specimens that tested positive for amphetamine and was asked to leave two substance abuse treatment programs in rapid succession in less than three months on pretrial release. *Id.* The finding was further based on the strength of the evidence that Defendant was arrested in the presence of a felon in possession of a firearm, an unlawful urinalysis-defeating device, and a significant quantity of controlled substances, even though she denied that the drugs were in her possession. *Id.*

On September 30, 2021, Defendant pled guilty to Count One of the Indictment, Conspiracy to Possess with Intent to Distribute 50 or More Grams of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). Dkts. 579, 655. The offense carries a mandatory minimum prison term of 5 years and a maximum possible prison term of 40 years. The District Court accepted Defendant's guilty plea on November 4, 2021, and she is set for sentencing on February 1, 2022. Dkts. 640, 655.

Defendant now moves the Court for release pending her sentencing, arguing that she does not pose a risk of flight or a danger to any other person or the community. Dkt. 701 at 1. Defendant further argues that she has completed 31 education courses while in jail, and that "her time in custody has offered her an opportunity to abstain from drug use and reflect on her actions." *Id.* at 2. Defendant requests a sealed hearing on her motion. *Id.* The Government opposes the motion, contending the Defendant has failed to meet the requirements of Federal Rule of Criminal Procedure 46(c). Dkt. 723 at 2.

## II.   Analysis

Defendant has been found guilty of an offense for which a maximum term of imprisonment of ten years or more – in this case, forty years – is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq. See* 18 U.S.C. § 3142(f)(1)(C). Accordingly, Defendant's release or detention pending sentencing is governed by 18 U.S.C. § 3143(a)(2), which provides:

> **(2)** The judicial officer ***shall order*** that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence ***be detained unless***—
>
> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

(emphasis added); *see also* Fed. R. Crim. P. 46(c) ("The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal.").

The Court finds that a hearing is not necessary to rule on Defendant's motion because Defendant cannot satisfy the requirements of either § 3143(a)(2)(A)(i) or (ii). As Defendant is awaiting sentencing pursuant to a plea agreement, the Court does not find under § 3143(a)(2)(A)(i) that there is a substantial likelihood that a motion for acquittal or new trial will be granted. Nor can Defendant satisfy § 3143(a)(2)(A)(ii) because an attorney for the Government has not recommended that no sentence of imprisonment be imposed on her, and there is a mandatory five-year minimum term of imprisonment for the offense of which she has been found guilty.

Because Defendant cannot satisfy either § 3143(a)(2)(A)(i) or (ii), the Court need not address § 3143(a)(2)(B). Defendant must be detained pursuant to § 3143(a)(2).

### III.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Release Pending Sentencing (Dkt. 701) is **DENIED**.

**SIGNED** on December 8, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE